MEMORANDUM **
Yolanda Mitchell appeals the district court’s grant of summary judgment in favor of her former employer, the Superior Court of California, County of San Mateo (“the Superior Court”), on her claims of employment discrimination and retaliation under Title VII and her claims for defamation and intentional infliction of emotional distress under California law. The parties are familiar with the facts of this case, and we do not repeat them here. We affirm.
A. Discrimination
Discrimination claims under Title VII are subject to the burden-shifting analysis enumerated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Mitchell conceded at oral argument that she has no direct evidence of discrimination, and the record does not contain any evidence indicating that the Superior Court treated other similarly situated employees outside of the protected class differently.[1] Mitchell has failed to establish a prima facie case. Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1028 (9th Cir.2006).
Even if Mitchell had established a prima facie case, the Superior Court has offered at least nineteen different legitimate, nondiscriminatory reasons justifying Mitchell’s termination based on the results of an independent investigation. Mitchell has failed to provide sufficient evidence that these reasons are pretextual. Although Mitchell points out some technical problems with the independent report summarizing her conduct, there is no evidence indicating that the Superior Court directed a biased investigation, knew of errors within the report, or otherwise acted with a discriminatory motive. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1063 (9th Cir.2002).
B. Retaliation
The same burden shifting analysis that applies to claims for racial discrimination also apply to retaliation claims under Title VII. “To make out a prima facie case of retaliation, an employee must show that (1) he engaged in a protected activity; (2) his employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action.” Ray v. Henderson, 217 F.3d 1234, 1240 (9th Cir.2000). Mitchell appears to argue that she engaged in protected activity by filing a complaint of racial discrimination with the Department of Fair Employment & Housing (“DFEH”) *895 on June 19, 2003 and that the Superior Court retaliated by issuing a letter of intent to suspend in August 2003,[2] sending her home without work, and ultimately terminating her in February 2004. Even assuming that these facts establish a prima facie case, the Superior Court has offered an abundance of legitimate, non-discriminatory reasons for its conduct, and Mitchell has failed to establish that these reasons are pretextual.
Mitchell argues that the timeline of the Superior Court’s actions “speaks for itself’ in establishing pretext. We disagree. Our cases indicate that we should not consider the length of time between a protected activity and an adverse employment action “without regard to its factual setting.” Coszalter v. City of Salem, 320 F.3d 968, 978 (9th Cir.2003). Thus, “there is no set time within which acts necessarily support an inference of retaliation.” Id.
Here, the factual setting indicates that the Superior Court was attempting to respond to legitimate personnel problems within its criminal division. Mitchell’s EEO complaint recognizes that she raised her voice to a superior, divulged confidential information, and engaged in other questionable conduct during the recruitment process. The Superior Court hired an independent investigator and sent the August 2003 letter only after the investigator found Mitchell had acted inappropriately. The Superior Court discovered additional allegations of misconduct at another employee’s pre-termination hearing, which corresponded to anonymous complaints it had received years earlier. The Superior Court hired an independent law firm to investigate these charges, which returned a detailed report cataloging a wide-range of inappropriate conduct. After an additional internal investigation, the Superior Court ultimately issued a termination letter.
Mitchell has not offered any evidence other than the “timing” to rebut what otherwise appears to be an effort by an employer to confront ballooning discoveries regarding an employee’s inappropriate behavior. Under these circumstances, we refuse to make “a complaint tantamount to a ‘get out of jail free’ card” based solely on the timing of Mitchell’s original DFEH complaint. Brooks v. City of San Mateo, 229 F.3d 917, 928 (9th Cir.2000).
C. Defamation and Intentional Infliction of Emotional Distress
Beyond listing these claims as “issues presented,” Mitchell has not offered any argument regarding defamation and only a one-sentence argument — without reference to legal authority — regarding intentional infliction of emotional distress. Such cursory references are not sufficient to raise a “specific, cogent argument for our consideration.” Greenwood v. F.A.A., 28 F:3d 971, 977 (9th Cir.1994). Indeed, “we will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim.” Id.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. None of the purported comparators on which Mitchell relies were suspected of dishonesty, insubordination, discourteous conduct, or dissemination of confidential information, and thus, were not similarly situated. Mitchell also argues that another employee had a notice of discipline removed from her file while Mitchell was denied this opportunity. However, unlike this other employee, management had discovered other performance problems with Mitchell before she made any request for removal.

. We assume, without deciding, that the August 2003 letter of intent to suspend constitutes an adverse employment action although no disciplinary action was ever taken.